J-S22035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LUIS VEGA-DIAZ, | |
| Appellant | No. 1530 MDA 2016 |

Appeal from the PCRA Order September 1, 2016
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0002489-1995

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                           **FILED MAY 26, 2017**

Appellant, Luis Vega-Diaz, appeals, *pro se*, from the order of September 1, 2016, dismissing, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Because the petition is untimely without an applicable exception, we affirm.

We take the underlying facts and procedural history in this matter from this Court's February 18, 1997 memorandum on direct appeal, and our independent review of the certified record.

On December 7, 1995, following trial, a jury convicted Appellant of numerous drug offenses.  On February 26, 1996, the trial court sentenced

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant to an aggregate term of incarceration of not less than five nor more than fifteen years. Appellant subsequently filed a direct appeal. On February 18, 1997, this Court affirmed the judgment of sentence. (*See Commonwealth v. Vega-Diaz*, No. 01042 Philadelphia 1996, unpublished memorandum (Pa. Super. filed February 18, 1997)). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On November 3, 1997, Appellant, acting *pro se*, filed a timely PCRA petition. The court appointed counsel, and, after an evidentiary hearing, denied the PCRA petition on October 25, 1999. On May 11, 2000, we dismissed Appellant's appeal for failure to file a brief.

On March 4, 2016, Appellant, acting *pro se*, filed the instant PCRA[1] petition seeking to vacate his sentence pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). On June 28, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant filed a response on July 11, 2016. On

---

[1] Appellant titled his petition as a motion to modify sentence. The trial court correctly deemed the pleading to be a second PCRA petition. *See Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008) (so long as it falls within ambit of PCRA, any petition filed after judgment of sentence is final is to be treated as PCRA petition.).

September 1, 2016, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed.[2]

On appeal, Appellant raises the following questions for our review:

A. . . . Has plain error turned this present case at bar, into something other than a legal proceeding?

B. . . . Has this present case at bar been contaminated with a[] (manifest constitutional error committed by the Commonwealth)?

C. Has the [A]ppellant been sentenced under the sentencing scheme, the unconstitutional sentencing scheme by the Commonwealth?

D. [Has] Appellant [] continued to litigate his claim of being sentenced outside the guide lines since (1995-[]96), which the State Supreme Court has now deemed [u]nconstitutional?

E. Is [A]ppellant entitled to the relief he seeks, under the cases herein incoroperated (sic)?

F. Was the sentence imposed unconstitutional and an error on the court?

G. Has [A]ppellant properly preserved this issue during direct appeal?

H. Should the new ruling of unconstitutional sentence be applied to Appellant's case . . .?

(Appellant's Brief, at iii) (unnecessary capitalization omitted).

_____

[2] On September 28, 2016, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On October 7, 2016, Appellant filed a timely Rule 1925(b) statement. On November 3, 2016, the PCRA court filed a statement in *lieu* of an opinion. *See* Pa.R.A.P. 1925(a).

Our standard of review for an order denying PCRA relief is well-settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on March 4, 2016. The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Appellant's judgment of sentence became final on March 20, 1997, thirty days after this Court affirmed the judgment of sentence and Appellant did not seek leave to appeal to the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). Because Appellant did not file his current petition until March 4, 2016, the petition is facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA. *See id.*

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

In the instant matter, Appellant appears to contend that his petition is timely under Section 9545(b)(1)(iii), specifically that the United States Supreme Court's decision in *Alleyne*, *supra* renders his sentence illegal. (*See* Appellant's Brief, at 1-5). We disagree.

Initially, we note that the fact that Appellant challenges the legality of his sentence does not allow him to evade the PCRA's timeliness requirements. In *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), the

Pennsylvania Supreme Court rejected this contention. The **Fahy** Court stated, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Fahy**, **supra** at 223 (citation omitted). Thus, Appellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence. **See id.**

Moreover, "a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases." **Commonwealth v. Whitehawk**, 146 A.3d 266, 271 (Pa. Super. 2016) (citation omitted). Neither Court has held that **Alleyne** is applied retroactively. Further, our Supreme Court has unequivocally held that **Alleyne** does not apply retroactively to cases pending on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016).

Here, Appellant was sentenced in 1996. His judgment of sentence became final in 1997. Thus, this matter is clearly on collateral review, and his PCRA petition is facially untimely. Because **Alleyne** does not apply retroactively to cases on collateral review, it cannot afford Appellant relief. **See Washington**, **supra** at 820; **see also Commonwealth v. Riggle**, 119 A.3d 1058, 1064 (Pa. Super. 2015); **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014).

Thus, Appellant's PCRA petition is untimely with no statutory exception to the PCRA time-bar applying.  ***See Hutchins***, ***supra*** at 53.  Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2017